IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL SPILLINO,                                  CV. 05-1953-HU

        Petitioner,           FINDINGS AND RECOMMENDATION

   v.

BRIAN BELLEQUE,

        Respondent.

Tonia L. Moro
Assistant Federal Public Defender
15 Newtown Street
Medford, Oregon 97501

   Attorney for Petitioner

Hardy Myers
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
1162 Court Street N.E.
Salem, Oregon 97301-4096

   Attorneys for Respondent

HUBEL, Magistrate Judge

   Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For

1 -- FINDINGS AND RECOMMENDATION

the reasons set forth below, the amended petition should be denied, and this proceeding dismissed.

## BACKGROUND

On December 17, 1997, petitioner was indicted for Robbery in the First Degree. Attorney Jay Edwards was appointed to represent petitioner. During the course of a pretrial suppression hearing, the following exchange occurred between petitioner and the Honorable Terry Ann Leggett:

> MR. SPILLINO: I object to the entire proceeding.
>
> THE COURT: I understand you object. Sit down. Okay. Mr. Edwards.
>
> MR. EDWARDS: Your Honor, in connection with the motion, it's – it would be my position that there are only two witnesses initially that would have anything relevant to say, and that would be Officer –
>
> MR. SPILLINO: Fuck you.
>
> THE COURT: Okay. You've just spit – on the record, you have –
>
> MR. SPILLINO: Fuck you.
>
> THE COURT: – spit on your attorney. You are going to be –
>
> MR. SPILLINO: Fuck you.
>
> THE COURT: You have –
>
> MR. SPILLINO: Now, what's next. Fuck you.
>
> THE COURT: What's next is that –
>
> MR. SPILLINO: Stinking bitch. What's next, you –
>
> THE COURT: -- that you have –

2 -- FINDINGS AND RECOMMENDATION

>     MR. SPILLINO:  -- stinking bitch?
>
>     THE COURT:  You have chosen to voluntarily waive your right to be here by your actions.  Go ahead and take him downstairs.  Thank you.

Resp. Exh. 106 (Apr. 5, 1999 TR) at 15-16.

At the conclusion of the suppression hearing, Mr. Edwards was allowed to withdraw.  Suzanne Taylor was appointed to replace Edwards.  Shortly thereafter, Ms. Taylor was permitted to withdraw, and C. Frederick Burt was appointed to represent petitioner.

On June 23, 1999, the suppression hearing was continued.  Because of the previous disruption, petitioner was required to appear by video.  During the latter portion of the hearing, the judge ordered petitioner's microphone to be muted due to his continued interruptions.  It was later reported by correctional staff, that while the microphone was muted, petitioner directed additional profanities at the judge.  See Resp. Exh. at 127 at 14.

On September 29, 1999, petitioner appeared for trial with Mr. Burt, at which time petitioner moved the court for a new attorney.  Judge Leggett denied petitioner's request for new counsel, concluding that Mr. Burt had not rendered ineffective assistance.  Judge Leggett advised petitioner he could either go to trial with Mr. Burt as counsel, or proceed *pro se*.  Petitioner choose the latter option.  The trial proceeded immediately, and the prosecution presented its case in chief.

3 -- FINDINGS AND RECOMMENDATION

The following day, petitioner moved for a continuance so that he could review discovery and prepare his defense. Judge Leggett denied petitioner's motion. Petitioner subsequently was convicted by the jury of Robbery in the First Degree, and the court appointed Steven Gorham to represent petitioner at sentencing. On December 2, 1999, petitioner was sentenced to a 144-month upward departure sentence. Petitioner filed a direct appeal alleging that the trial judge erred in not granting him a continuance to allow him to prepare his case *pro se*, and in failing to recuse herself. The Oregon Court of Appeals affirmed from the bench, and the Oregon Supreme Court denied review. State v. Spillino, 177 Or. App. 732, 36 P.3d 998 (2001), rev. denied, 333 Or. 655 (2002).

Petitioner filed a state post-conviction proceeding alleging ten claims of ineffective assistance of trial counsel; two claims of ineffective assistance of appellate counsel, and a claim that he was denied a jury pool of his peers. The post-conviction court denied relief. On appeal to the Oregon Court of Appeals, petitioner raised only three assignments of error:

> (1) ineffective assistance of appellate counsel for failing to argue that petitioner was prejudiced by the enhanced security measures at trial;
>
> (2) ineffective assistance of appellate counsel for failing to argue that petitioner was denied his right to a jury of his peers; and
>
> (3) ineffective assistance of counsel for failing to object to an upward departure sentence on factors not found by a jury beyond a reasonable doubt.

4 -- FINDINGS AND RECOMMENDATION

Resp. Exhs. 138 & 139. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. <u>Spillino v. Lampert</u>, 200 Or. App. 291, 114 P.3d 1157, <u>rev. denied</u>, 339 Or. 450 (2005).

Petitioner filed a successive state post-conviction proceeding wherein he alleged that his departure sentence was unlawful and counsel ineffective, in light of the holdings in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The state post-conviction court dismissed the petition, the Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. Resp. Exhs. 150, 155 & 156.

## DISCUSSION

### I. Grounds for Relief One, Two, Four, Six, & Seven.

#### A. Failure to Traverse.

Respondent moves to deny habeas relief as to grounds for relief one, two, four, six, seven, and eight, on the sole basis that they are not addressed in petitioner's memorandum in support of habeas corpus relief. Relying upon 28 U.S.C. § 2248, respondent argues that "[c]laims that are not traversed should be denied for that reason".

Although this court would prefer that appointed counsel address all claims in the amended petition, particularly when, as here, counsel has filed an amended petition on petitioner's behalf, I do not agree that counsel's failure to do so results in a waiver.

The Honorable Malcolm F. Marsh recently addressed this issue in

<u>Elkins v. Belleque</u>, 06-1180-MA:

> Respondent relies upon 28 U.S.C. § 2248 which provides that the allegations of a return to a habeas petition, or an answer to an order to show cause, "if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."
>
> However, the Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Proceedings, provides that a traverse is no longer contemplated "except under special circumstances", and that the common law assumption of verity of the allegations of a return until impeached, as codified in 28 U.S.C. § 2248, is no longer applicable." Advisory Committee Note to Rule 5, 28 foll. § 2254 (1976) (citing <u>Stewart v. Overholser</u>, 186 F.2d 339, 343 n. 5 (D.C.Cir. 1950)). In light of the foregoing, and in the absence of any case law supporting respondent's position that the failure to furnish legal argument in support of habeas claims renders the claims abandoned, I decline to find the claims not traversed to be waived or subject to denial on that basis alone."

Opinion and Order (#35) at 5-6.

I find Judge Marsh's reasoning persuasive and, consequently, reject respondent's assertion that petitioner has waived grounds for relief one, two, four, six, seven, and eight. However, for the reasons set forth below, I conclude that grounds for relief one, two, four, six, and seven are procedurally defaulted. Although respondent failed to *specifically* raise procedural default as a defense to these particular grounds for relief in its response brief, principles of comity, federalism, and judicial efficiency warrant dismissal on this basis in light of the fact that respondent raised the defense of procedural default generally in

6 -- FINDINGS AND RECOMMENDATION

its answer, and petitioner failed to pursue these grounds for relief in his supporting memorandum. See Vang v. Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (court may *sua sponte* raise issue of procedural default if it furthers the interests of comity, federalism, and judicial efficiency).

**B.   Procedural Default.**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); Cook v. Schriro, 538 F.3d 1000, 1025 (9th Cir. 2008), cert. denied, 2009 WL 129180 (2009). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Cook, 538 F.3d at 1025; Baldwin v. Reese, 541 U.S. 27, 29 (2004).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. Coleman, 501 U.S. at 729-30; Cook, 538 F.3d at 1025. Habeas review of procedurally

7 -- FINDINGS AND RECOMMENDATION

defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice.  <u>Coleman</u>, 501 U.S. at 750; <u>Cook</u>, 538 F.3d at 1028.

In grounds for relief one, two, and six, petitioner alleges that the trial court violated his right to a fair trial by failing to address the conflict between petitioner and trial counsel; failing to grant a continuance, and denying him a race-neutral jury.  Ground for relief one was not raised on direct appeal or in a state post-conviction proceeding.  Ground for relief two, was raised on direct appeal as a state law claim only.  Ground for relief six was raised in petitioner's first amended petition for post-conviction relief, but not on appeal from the denial of post-conviction relief.  In short, the claims were not properly exhausted, and cannot now be raised in a successive state post-conviction proceeding.  O.R.S. 138.550(3).  Accordingly, grounds for relief one, two, and six are procedurally defaulted.

In ground for relief four, petitioner alleges that he received ineffective assistance of appellate counsel due to counsel's failure to assign as error the trial court's "prejudicial rulings".  Although this claim was alleged in petitioner's first amended petition for post-conviction relief, it was not raised on appeal from the denial of post-conviction relief, and is procedurally defaulted for that reason.

8 -- FINDINGS AND RECOMMENDATION

In ground for relief seven, petitioner alleges that appellate counsel was ineffective for failing to assign as error the trial court's failure to provide a "race-neutral jury". This ground for relief was not raised in petitioner's first amended petition for post-conviction relief, and was not addressed by the post-conviction court. Accordingly, when petitioner raised this unpreserved claim on appeal, it was raised in a procedural context in which it would not be considered. The claim, therefore, was not fairly presented for purposes of the exhaustion requirement. Castille v. Peoples, 489 U.S. 346, 351-52 (1989). Because petitioner cannot again seek state post-conviction relief, the claim is procedurally defaulted.

Petitioner offers no basis to excuse the procedural default of these claims, accordingly, habeas relief is precluded.

## II. **Ground for Relief Three**.

In ground for relief three, petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial were violated by the trial judge's failure to recuse herself. Respondent argues this claim is procedurally defaulted because, although the claim was presented as a federal constitutional violation to the Oregon Court of Appeals, it was not federalized in his petition for review to the Oregon Supreme Court. I agree.

It is undisputed that petitioner fairly presented a due process claim, based upon the trial judge's refusal to recuse

9 -- FINDINGS AND RECOMMENDATION

herself in his brief *to the Oregon Court of Appeals*. At page sixteen of his appellate brief, petitioner first cites to a state case, <u>State v. Garza</u>, 125 Or. App. 385, 388-89, 865 P.2d 463 (1993), <u>rev. denied</u>, 319 Or. 81 (1994), holding that *both* the state and federal constitutions "ensure that every person charge with a crime has a right to *a fair and impartial trial*." Resp. Exh. 108 at 16. Petitioner then cites to the Fourteenth Amendment to the U.S. Constitution, and <u>In re Murchison</u>, 349 U.S. 133, 136 (1955), in support his contention that actual or apparent bias on the part of a trial judge violates due process. <u>Id.</u>

In stark contrast, in his petition for review to the Oregon Supreme Court, petitioner alleges only that the "trial judge appeared . . . unable to 'hold the balance' between her interests in judicial economy and the decorum of the courtroom and defendant's constitutional right to a fair and impartial trial." Resp. Exh. 110 at 7 & 2. Petitioner makes no attempt to identify whether he is asserting a violation under the state constitution, the federal constitution, or both. Petitioner does not cite to the Fourteenth Amendment or any case which would have alerted the Oregon Supreme Court to the federal nature of his claim. Accordingly, petitioner failed to make a fair presentation of his federal due process claim. <u>See</u> <u>Castillo v. McFadden</u>, 399 F.3d 993, 999-1001 (9th Cir.), <u>cert. denied</u>, 546 U.S. 818 (2005) (claim that petitioner was denied right to a "fair trial" did not fairly

10 -- FINDINGS AND RECOMMENDATION

present federal due process claim); Casey v. Moore, 386 F.3d 896, 913 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005) (same); see also Baldwin, 541 U.S. at 33 (failure to identify "ineffective assistance of counsel" as federal claim or to cite case which might alert court to federal nature of claim, is not fair presentation). Because petitioner cannot again seek state appellate review, the claim is procedurally defaulted.

**III. Ground for Relief Five.**

In ground for relief five, petitioner alleges that he was denied effective assistance of appellate counsel and a fair trial "when the court allowed the jury to observe enhanced security measures and handcuffs on petitioner during trial and appellate counsel failed to raise the error." Respondent moves the court to deny habeas relief as to this ground on the basis that the state court's rejection of this claim is entitled to deference. I agree.

The trial transcript reveals that there were at least three deputies in the courtroom during jury selection and trial. Due to space constraints, at least one of the deputies sat in front of the bar during jury selection, but moved behind the bar after the jury was seated. Resp. Exh. 103 (Sept. 29, 1999 TR) at 16-17.

At the post-conviction proceeding, petitioner testified that during jury selection, he had two uniformed officers sitting on either side of him, two officers sitting in the spectator portion of the courtroom, and two officers on either side of the jury box.

11 -- FINDINGS AND RECOMMENDATION

Resp. Exh. 135 at 33 & 37. Petitioner testified that he had no devices underneath his clothes - "no leg braces, no zap suits or anything like that" - but that jurors saw him handcuffed, leaving and entering the courtroom, on three occasions. Id. at 34-36; but see Resp. Exh. 122 at 2 (order authorizing use of stun belt).

The state post-conviction court made the following findings of fact in support of its conclusion that appellate counsel was not ineffective for failing to raise excessive security as an assignment of error:

> Petitioner admitted that he was not wearing shackles or any type of visible restraint during trial. Petitioner has failed to provide evidence in support of his claim that he was handcuffed in front of the jury. Appellate counsel could not have raised that issue on appeal.

Resp. Exh. 136 at 5.

In evaluating appellate counsel's failure to assign error to the "enhanced security measures and handcuffs," this court applies the well-established test announced in Strickland v. Washington, 466 U.S. 668 (1984). Smith v. Robbins, 528 U.S. 259, 288-89 (2000). In order to prevail under this standard, petitioner must demonstrate that the omitted issue was clearly stronger than the issues that counsel did present, and that petitioner suffered prejudice as a result. Smith, 528 U.S. at 288-89; see also Jones v. Barnes, 463 U.S. 745, 753-54 & n.7 (1983) (criminal defendant

12 -- FINDINGS AND RECOMMENDATION

has no constitutional right to compel appellate counsel to raise every nonfrivolous issue).

Petitioner has failed to make such a showing in this case. From a factual standpoint, petitioner has failed to present clear and convincing evidence to overcome the post-conviction court's conclusion that jurors did not see petitioner handcuffed. Accordingly, that finding of fact is entitled to deference. See 28 U.S.C. § 2254(e)(1). Moreover, petitioner has failed to offer any evidence to support a conclusion that the presence of the uniformed deputies resulted in actual prejudice, or "was so inherently prejudicial as to pose an unacceptable threat to [petitioner's] right to a fair trial." See Holbrook v. Flynn, 475 U.S. 560, 568 (1986); Williams v. Woodford, 384 F.3d 567, 588 (9th Cir. 2004), cert. denied, 546 U.S. 934 (2005). The mere fact that uniformed officers were present at trial is not the type of an inherently prejudicial practice that must be justified by an essential state interest specific to each trial. Holbrook, 475 U.S. at 568-69; Williams, 384 F.3d at 588-89.

In light of the foregoing, petitioner has failed to demonstrate that an assignment of error concerning the trial court's security measures was clearly stronger than those raised by appellate counsel.[1] Accordingly, the state court's rejection of

---

[1] As noted above, on direct appeal petitioner assigned as error the trial judge's failure to recuse herself, and her

13 -- FINDINGS AND RECOMMENDATION

this claim is neither contrary to, nor an unreasonable application of, clearly established Federal law. Petitioner's alternative request for an evidentiary hearing is denied due to petitioner's failure to make the requisite showing under 28 U.S.C. § 2254(e)(2).

### IV. Grounds for Relief Eight and Nine.

In ground for relief eight, petitioner alleges that he received ineffective assistance of counsel at sentencing due to counsel's failure to properly object to petitioner's upward departure sentence "imposed without proof of sufficient aggravating factors." In ground for relief nine, petitioner challenges his upward departure sentence, alleging that it violates his Sixth and Fourteenth Amendment rights because it is premised upon aggravating factors not proven to a jury or admitted by petitioner.

There is some confusion between the parties as to whether grounds for relief eight *or* nine encompass petitioner's claim that counsel was ineffective for failing to object to petitioner's sentence based upon the rule announced in Apprendi. Petitioner relies upon ground for relief eight, while respondent assumes this is a "scrivener's error," and points to ground for relief nine.

Clearly, ground for relief eight only raises an ineffective assistance claim, albeit based upon counsel's failure to object to

---

failure to grant petitioner a continuance after he elected to proceed *pro se* and advised that court that he had been denied access to discovery by correctional officials.

14 -- FINDINGS AND RECOMMENDATION

an upward departure "without the proof of sufficient aggravating factors". Ground for relief nine, in contrast, is a direct challenge to the constitutionality of petitioner's departure sentence.

Because respondent does not argue that petitioner has failed to adequately allege an ineffective assistance of counsel claim *based upon* Apprendi, I conclude that ground for relief eight adequately raises the issue. However, I further conclude that habeas relief is not warranted as to ground for relief eight because it is procedurally defaulted, and fails on the merits.

In this regard, I agree with respondent that petitioner failed to properly exhaust this ground for relief in his first post-conviction proceeding by failing to raise the claim in his first amended formal petition for post-conviction relief. Although petitioner raised the claim to the Oregon Court of Appeals in a supplemental brief, it was presented in a procedural context in which it would not be considered because the issue had not been preserved below. See Castille, 489 U.S. at 351-52; ORAP 5.45(a). Petitioner's attempt to exhaust the claim in a second post-conviction proceeding was rejected by the trial court as successive, and petitioner raised only a direct sentencing claim on appeal therefrom. Hence, an independent and adequate state rule precludes habeas relief.

15 -- FINDINGS AND RECOMMENDATION

In the alternative, if I assume that, because the Oregon Court of Appeals permitted petitioner to file a supplemental brief, it impliedly waived any procedural irregularity, I conclude that the Oregon courts' rejection of the claim is neither contrary to, nor an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d).

When petitioner was sentenced in December, 1999, neither Apprendi nor Blakely had been issued. The fact that the decision in Apprendi was issued in 2000, while petitioner's direct *appeal* was pending, does not support the conclusion that *sentencing* counsel was ineffective at the sentencing hearing. Petitioner points to no case law or secondary sources, existing at the time of sentencing, upon which an attorney exercising reasonable professional skill and judgment would have premised a Sixth Amendment objection to petitioner's departure sentence. It is not constitutionally required that a defense attorney anticipate future developments in the law such as occurred in this case. Sophanthavong v. Palmateer, 378 F.3d 859, 870 (9th Cir. 2004); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir.), cert. denied, 513 U.S. 1001 (1994); see also Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002), cert. denied, 540 U.S. 891 (2003) (failure to predict developments of law regarding Apprendi like issues is not ineffective); Dunn v. Hill, 2008 WL 1967723 *2 (D.Or. 2008) (same); but see Burdge v. Belleque, 2008 WL 3853445 (9th Cir. Aug. 15, 2008)

16 -- FINDINGS AND RECOMMENDATION

(concluding that counsel was ineffective for failing to challenge application of ambiguous statute in light of case law from other states and secondary sources supporting challenge). Accordingly, the state court's rejection of this claim is neither contrary to, nor an unreasonable application of, clearly established federal law. See also Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006) (no well established federal law applying Strickland in noncapital sentencing context).

Petitioner's ninth ground for relief, a direct challenge to his sentence based upon Apprendi and Blakely was not presented in his first post-conviction proceedings, and his attempt to raise it in a second post-conviction proceeding was denied as successive and untimely. The Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. Accordingly, habeas relief is precluded by an independent and adequate state procedural rule. In any event, and despite petitioner's protestation to the contrary, petitioner's challenge to his sentence necessarily relies upon the holding in Blakely, which was issued after petitioner's appeal became final, and does not apply retroactively. Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).

## CONCLUSION

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#14) should be DENIED, and this proceeding should be DISMISSED, with prejudice.

17 -- FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due February 10, 2009.  If no objections are filed, the Findings and Recommendations will go under advisement on that date.

If objections are filed, a response to the objections is due February 24, 2009, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this __26th__ day of January, 2009.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge